HOLLON PARKER, PLAINTIFF IN ERROR,

* v.

GEORGE DACRES, DEFENDANT IN ERROR.

Rule V. of this Court requires, in cases of appeal of actions at law under the Act of 1883, that an assignment of errors shall be made and served upon the opposite party, within twenty days after the entry in the journal of the District Court of the notice of appeal.

A failure to serve such assignment is sufficient cause for the dismissal of the appeal.

Sections 458 and 488 of the Code of Washington, relative to appeals, are as follows:

SEC. 458. "An appeal or writ of error is taken by filing with the clerk of the Court in which the judgment or order appealed from is entered, a notice, stating the appeal from the same, or some specific part thereof, and serving a copy of said notice on the adverse party or his attorney.

"Every notice of appeal or writ of error must be signed by the party taking the same or his attorney of record, and must contain the title of the District Court in which the proceedings sought to be reviewed were had; the title of the cause as in the District Court; a particular description of the judgment, decree or order sought to be reviewed; and in case of appeal a particular description of every decision, ruling, order or decree by which the appellant claims to have been aggrieved, and which he relies upon as ground for a reversal or modification of the judgment, order or decree; and in case of a writ of error, a particular description of the errors assigned."

SEC. 488. "An assignment of error need follow no stated form, but must, in a way as specific as the case will allow, point out the very error objected to; among several points in a demurrer, or in a motion, or instructions or rulings in an excep-

tion, it must designate which is relied on as an error ; and the Court will only regard errors which are assigned with the required exactness; but the Court must decide on each error assigned.

In 1883, the Legislature passed a cumulative act on the subject of appeals, of which Sections 1 and 2 are as follows :

SEC. I.   " That any person desiring to remove a cause from any District Court of Washington Territory may do so, either in person or by his attorney of record, and in the following manner :

" Such person or attorney may give notice in open Court, or at chambers, that he appeals such cause to the Supreme Court of the Territory.   Such notice shall, by order of the Court or Judge having jurisdiction of the cause, be entered in the journal of such Court, and no other service or notice of process shall be required ; and, thereupon, the Clerk of such Court shall make and certify a full and complete transcript of said cause, including the journal entries thereunto appertaining, and cause such transcript to be filed with the Clerk of the Supreme Court within the time allowed by law ; and, thereupon, the Supreme Court shall have complete and perfect jurisdiction of such cause.

SEC. II.   " That the Supreme Court shall hear and determine all causes removed thereto, in the manner hereinbefore provided, upon the merits thereof, disregarding the technicalities."

At the July term, 1883, of this Court, the following rule was promulgated.

## V.

### Assignment of Errors.

In all cases of writs taken under the provisions of the act entitled, " An Act in Relation to the Removal of Causes to the Supreme Court," approved November 23d, 1883, an assignment of errors shall be made in writing, and filed with the clerk of the proper District Court, to be certified to this Court as a part of the record.   Such assignment of errors shall be substantially the same as that provided for in Section 458 of the Code, and a copy thereof shall be served on the adverse party or his attorney within twenty days after the entry in the journal of the District Court of the notice of appeal.   No formal joinder in error shall be required, but such joinder will be deemed made upon the errors assigned."

Several months later, this cause, which is an action at law, was appealed from the District Court at Walla Walla, under said Act of 1883.

A motion was made to dismiss the appeal, because no assignment of errors had been served on the appellee within twenty days after the entry of the notice of appeal on the journal of the District Court. In resistance of this motion, appellant made showing to the following effect:

That counsel of appellant was ignorant of the existence of Rule V. until about the month of May, 1884—when the same was brought to his attention by the publication and distribution by the Clerk of the Supreme Court of its rules.

That appellant immediately prepared and served upon appellee the assignment of errors in the transcript, a number of days before the record was transmitted from the office of the District Court to this Court, and many days before the time prescribed for filing briefs in this Court.

No counter showing was made by appellee.

*B. L. & J. L. Sharpstein,* for Defendant in error.

No assignment of errors was made or filed with the Clerk of the District Court, or served on the adverse party or his attorneys, or either of them, within twenty days after the entry of the notice of appeal in the journal of the District Court. (*Hite Gold Quartz Co.* v. *Stermont Silver Mining Co.*, 7 Pac. Rep. 120; *Trabing et al.* v. *Meyer*, 5 Pac. Rep. 569; *Denver W. & P. R'y Co.* v. *Wog et al.*, 5 Pac. Rep. 815; *Spencer et al.* v. *McMaster*, 3 Pac. Rep. 798; 2 Hayne on New Trials and Appeals, Sec. 278; *The Golden Fleece Gold and Silver Mining Co.* v. *The Cable Consolidated Gold and Silver Mining Co.*, 15 Nev. 450.)

*A. E. Isham,* Attorney for Plaintiff in error.

No rule of Court could be made in contravention of law, divesting the Court of jurisdiction. Again, to dismiss this case upon the ground that the assignment of errors was not filed within the strict time provided by the rule, would be depriving the plaintiff of having the cause heard upon the merits. The

defendant in error has not suffered, or had any of his rights put in jeopardy. The grounds upon which he asks a dismissal are purely technical. The assignment of errors was made in ample time to give him full knowledge of the points upon which plaintiff in error would rely, and his attorney accepted service of the assignment after it was filed.

An acceptance of service of the assignment of errors was a waiver of any default or *laches* on the part of the plaintiff in error. (*Hestres' Administrator* v. *Clements*, 21 Cal. 425 ; 1 Wait's Pr., 557, 660–662 ; 2 Id., 521 ; 3 Estee's Pl. 40.)

Opinion by GREENE, Chief Justice.

This cause has been brought here under the provisions of the Appeal Act of 1883, which allow all cases of whatever jurisdiction to be taken to this Court by the simple service of a notice of appeal given and entered in the lower Court. The uniformity of mode of procedure prescribed by that act does not do away with the essential distinctions between causes at law and causes in equity, for purposes of review. Rule V. of this Court, in view of these distinctions, and to facilitate the business of the Court, and to harmonize the appellate practice under the Act of 1883 with that under the Code, has provided in substance that in all law causes brought up under the Act of 1883 an assignment of errors shall be made in writing, and filed with the clerk of the proper District Court, to be certified to this Court as a part of the record; and that a copy of such assignment shall be served on the adverse party within twenty days after the entry in the journal of the District Court of the notice of appeal. Plaintiff in error did not serve a copy of assignment of errors in this cause within the time limited, and on that ground defendant in error moves to dismiss the appeal. No good reason for denying the motion appears. Doubtless, Rule V., ever since its adoption, has been part of the law applicable to suitors in this Court, without regard to when it was first published in print.

Let the motion to dismiss the appeal be granted.

We concur: JOHN P. HOYT, Associate Justice.
GEORGE TURNER, Associate Justice.